IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00541-FDW-DCK

| | |
|---|---|
| **GILBERT H. AMIS III,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DAVID PEKOSKE, ACTING SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY[1],**<br><br>**Defendant.** | **ORDER** |

THIS MATTER is before the Court on Defendant's Motion to Dismiss. (Doc. No. 8). Defendant moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Id. Plaintiff filed a Response in Opposition, (Doc. No. 13), to which Defendant replied, (Doc. No. 15). The motion is ripe for review. After carefully reviewing the briefing submitted by the parties, and for the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss. (Doc. No. 8).

### I. BACKGROUND

Plaintiff filed this lawsuit on September 29, 2020, alleging discrimination in employment in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act. (Doc. No. 1, p. 1). His allegations arise out of his employment with the Department of Homeland Security ("the Department" or "DHS"), where he was hired as a Federal Air Marshall in 2002. Id. at 3. He alleges he was promoted to Supervisory Federal Air Marshall in 2006 and currently serves as an Agency Manager with "management responsibility" over various

---

[1] David Pekoske is the Acting Secretary of the Department of Homeland Security as of January 20, 2021 and is automatically substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

offices within the Department.² Id. at 4. Plaintiff alleges he has earned numerous awards and accolades during his tenure with the Department. Id. at 4.

In October of 2019, Plaintiff alleges he applied for the position of Transportation Security Administration Representative ("TSAR"), which is a London-based position. Id. Plaintiff contends he met the minimum qualification requirements for the position and was referred to the "selecting official," Robert Vente, for consideration. Id. at 5. Plaintiff alleges that, of forty-six (46) applicants who were referred to the interview panel, only seven (7) were selected for interview. Id. He was allegedly not selected for an interview and was notified of this decision on February 21, 2020. Id. He was also notified, via a department-wide email, that another candidate, Haley Gallagher ("Ms. Gallagher"), was selected for the TASR position in London. Id.

Plaintiff alleges he was told that he was not selected to interview because "he did not posses the best combination of skills and experience." Id. However, he maintains that Ms. Gallagher did not meet the minimum qualifications for the TSAR position and even if she was minimally qualified, Plaintiff was more qualified. Id. at 6. Plaintiff asserts he was not chosen for the TSAR position because of his sex, age, disability and prior EEO activity. Id. Specifically, he alleges Ms. Gallagher is 43, female, and not disabled; in contrast, he is a 53-year-old male, is dyslexic, and has engaged in protected activity. See id. at pp. 1-6.

Because DHS selected Ms. Gallagher for the TSAR position, Plaintiff maintains he was unlawfully discriminated against because of his age, sex, disability status and prior engagement in protected activity. Id. He asserts four causes of action: (1) violation of Title VII for employment discrimination on the basis of sex; (2) violation of the ADEA for employment discrimination on the basis of age; (3) violation of the Rehabilitation Act of 1973 for discrimination based on

---

² Specifically, he alleges to have management responsibility for the Transportation Security Administration, the Law Enforcement/Federal Air Marshall Service, and the Charlotte Field Office Training Section. (Doc. No. 1, p. 4).

disability status; and (4) violation of Title VII for employment discrimination on the basis of engaging in protected activity. Id. at 7-11. Defendant moves to dismiss all counts pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

### III. ANALYSIS

Defendant has moved to dismiss Plaintiff's Complaint in its entirety. (Doc. No. 9). Plaintiff asserts claims under Title VII, 42 U.S.C. § 2000e *et seq.*; the ADEA, 29 U.S.C. § 621 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*; and Title VII's prohibition on retaliation, 42 U.S.C. § 12203. (Doc. No. 1). The Court will address each of Plaintiff's claims and Defendants arguments in turn.

#### a. Title VII Sex Discrimination

Plaintiff asserts Defendant is liable for violating Title VII's prohibition on sex discrimination in the workplace because Defendant has "deprived Plaintiff of his rights as enjoyed by his female coworkers." (Doc. No. 1, p. 7). Specifically, Plaintiff asserts he was subjected to unlawful discrimination because of his sex when Ms. Gallagher, an allegedly less qualified female, was promoted to the TSAR position over Plaintiff. Id. at 6-7. Defendant does not dispute that Plaintiff is a member of a protected class (male) or that he suffered an adverse employment action (failure to promote). (Doc. No. 9, p. 4). Rather, Defendant argues for dismissal because Plaintiff has not "alleged facts sufficient to plausibly show that he was not selected under circumstances giving rise to an inference of unlawful discrimination." Id.

To state a claim for relief under Title VII, a plaintiff must "allege facts [sufficient] to satisfy the elements of a cause of action . . . in this case, that the [Department of Homeland Security] 'fail[ed] or refus[ed] to hire [him] *because of* [his] . . . sex.'" McCleary-Evans v. Md. Dept. Of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (emphasis in original) (quoting 42 U.S.C. § 2000e-2(a)(1)). Notably, this standard does *not* require a plaintiff to "state a prima-facie case of discrimination" under the "standard set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 688 (1973)." McCleary-Evans, 780 F.3d at 588 (quotation and citation omitted) ("[T]he district court improperly applied the McDonnell Douglas

evidentiary standard in analyzing the sufficiency of [the] . . . complaint."). However, plaintiffs are still required to plead sufficient facts to "raise a right to relief above the speculative level." McCleary-Evans, 780 F.3d at 585 (citing Coleman v. Md. Court of Appeals, 626 F.3d 187, (4th Cir. 2010) (citation and quotation omitted)).

Here, Plaintiff has not alleged facts sufficient to support a plausible inference that he was discriminated against *because* of his sex. Plaintiff asserts he was one of eighty-nine (89) applicants for the TSAR position, of which forty-six (46) were chosen to interview.[3] (Doc. No. 1, p. 5). He contends he received an email explaining he was "not invited to interview because he did not possess the best combination of skills and experience." Id. Plaintiff maintains he was more qualified for the TSAR position than the person who was ultimately selected, Ms. Gallagher. Id. at 6. Specifically, he alleges "Ms. Gallagher did not meet all of the requirements for the TSAR position when she was selected, specifically the time in grade requirement at pay band SV-J;" conversely, Plaintiff contends he had spent roughly thirteen (13) years in the SV-J pay band. Id. at 4-6. While this allegation *could* support a plausible inference of sex discrimination, Plaintiff's Complaint makes clear that the job requirement Ms. Gallagher allegedly failed to meet was not the *only* requirement for the position. Indeed, Plaintiff explains the TSAR position required "completion of one year of specialized experience at the SV-J Pay Band, *or* GS-14 in the Federal service *or* equivalent experience in the private sector." Id. at 4 (emphasis added). Plaintiff makes

---

[3] The adverse employment action alleged is Plaintiff's non-selection as one of the forty-six people chosen to interview. There are no allegations in the Complaint suggesting that, of eighty-nine applicants, the forty-six chosen to interview were *all*, or even majority, female, which, if true, could be consistent with discrimination based on sex. In his Opposition Motion, Plaintiff argues that Defendant did not disclose the demographic information of those selected to interview, which he asserts is "a quite telling inference." (Doc. No. 13, p. 8). However, "the complaint may not be amended by the briefs in opposition to a motion to dismiss" and the Court accordingly does not consider Defendant's non-disclosure of the demographic information in ruling on this Motion to Dismiss. See State Farm Mut. Auto Ins. Co. v. Slade Healthcare, Inc., 381 F. Supp. 3d 536, 573 (D. Md. 2019) (quotation and citation omitted); see also Bailey v. Va. High Sch. League, Inc., 488 F. App'x 714, 715-16 (4th Cir. 2012) ("[T]he district court cannot go beyond [the complaint and documents attached thereto] on a Rule 12(b)(6) motion without converting the motion into one for summary judgment."). In acknowledging the factual allegations in the Opposition Motion, the Court provides no opinion as to whether the allegations are sufficient to state a claim.

no allegations that Ms. Gallagher did not meet the GS-14 or private sector qualifications; rather, he simply alleges he was "significantly more qualified for the TSAR position than Ms. Gallagher," but fails to specify a factual basis for this conclusion. This is nothing more than speculation that Ms. Gallagher was "not better qualified" than Plaintiff. See McCleary-Evans, 790 F.3d at 586.

In sum, the allegations as pled do not support a plausible inference that Plaintiff was not selected to interview for the TSAR position *because of* his sex. There are at least two "obvious alternative explanations" for Defendant's determination that Plaintiff was not one of the best candidates for the position, at least compared to Ms. Gallagher: first, perhaps Ms. Gallagher was judged to have more compelling or better-suited GS-14 experience in federal service; and second, perhaps Ms. Gallagher was judged to have more compelling or better-suited experience in the private sector. See McCleary-Evans, 790 F.3d at 588. Plaintiff has accordingly failed to state a plausible claim for relief under Title VII for sex discrimination.

   b. ADEA

Plaintiff also asserts Defendant is liable under the ADEA because Plaintiff was treated less favorably than younger employees when he was not selected to interview for the TSAR position. (Doc. No. 1, pp. 8-10). Specifically, he explains that Ms. Gallagher is "similarly situated but is younger than Plaintiff [and she] has been treated more favorably than Plaintiff in the terms and conditions of employment." Id. at 9. Defendant's argument for dismissal is the same as its argument for dismissal of the Title VII sex discrimination claim: Plaintiff has not alleged facts sufficient to give rise to a plausible inference of discrimination. (Doc. No. 9).

Under the ADEA, it is unlawful for an employer to take an adverse employment action against an employee because of the employee's age. 29 U.S.C. § 623(a)(1) (2018). "Age must be the 'but-for' cause of the employer's action for the action to violate the ADEA." Buchhagen v. ICF Intern., Inc., 545 F. App'x 217, 220 (4th Cir. 2013) (citing Gross v. FBL Fin. Servs., Inc.,

5757 U.S. 167, 177-78, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)). If there is no direct evidence of discrimination, a plaintiff may assert an ADEA discrimination claim using the same McDonnell Douglas framework applicable under Title VII, and the same pleading standard, described above, applies.

Plaintiff has likewise failed to allege facts sufficient to state a claim under the ADEA. The deficiencies described above with respect to Plaintiff's Title VII sex discrimination claim are also fatal to Plaintiff's ADEA claim. There are no allegations suggesting there is direct evidence of age discrimination, and there are no facts alleged plausibly suggesting that Plaintiff's age was the but-for cause of his non-selection to interview. For example, Plaintiff alleges he was "treated differently and subjected to disparate treatment in comparison to younger employees." (Doc. No. 1, p. 9). However, he points *only* to Ms. Gallagher's selection for the TSAR position as potential evidence of Defendant's unlawful age discrimination. There are no other *factual* allegations to support an inference that Plaintiff was discriminated against because of his age; the Complaint simply states legal conclusions and provides a formulaic recitation of the elements necessary to state an ADEA claim. That Defendant ultimately selected an employee ten (10) years younger than Plaintiff for the TSAR position is simply not sufficient, without more, to state a plausible claim for relief under the ADEA.

    c. **Rehabilitation Act Disability Discrimination**

Plaintiff alleges Defendant is also liable for violating the Rehabilitation Act because Defendant allegedly failed to select Plaintiff to interview for the TSAR position "based on [Plaintiff's] disability (Dyslexia)." (Doc. No. 1, p. 11). Plaintiff asserts Defendant was aware of his dyslexia and that "Haley Gallagher, who was similarly situated but does not suffer from a disability, has received different terms and conditions of employment." Id. Defendant assumes for

purposes of its Motion that Plaintiff is dyslexic but argues Plaintiff has failed to allege facts sufficient to raise a plausible inference of discrimination. (Doc. No. 9).

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be . . . denied the benefits of, or be subjected to discrimination under any program or activity . . . conducted by any Executive agency." 29 U.S.C. § 794(a) (2018). To state a claim under the Rehabilitation Act, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit "due to discrimination solely on the basis of the disability." Atkins v. Holder, 529 F. App'x 318, 319-20 (4th Cir. 2013) (citing Doe v. Univ. of Md. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995)). The Rehabilitation Act's causation requirement that discrimination be "solely on the basis of the disability" is stricter than the causation requirement of the ADA, for example, "under which the disability can be one of multiple causes." Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 641 (4th Cir. 2016).

Here, Plaintiff fails to state a claim under the Rehabilitation Act for at least two reasons. First, Plaintiff has not sufficiently alleged he was otherwise qualified for the TSAR position. In his Complaint, Plaintiff asserts he is *minimally* qualified for the TSAR position, but as Defendant points out in its Motion, meeting the minimum qualifications for a position does not necessarily mean an individual is qualified for the position. See Laber v. Harvey, 438 F.3d 404, 431 (4th Cir. 2006) ("[T]he phrase 'minimally qualified' does not mean that the applicant is *actually* qualified for the job in question. Instead, it means that the applicant is qualified for the *generic* duties of the job based solely on the pay grade and title, but it does not necessarily mean that he is qualified for the specific requirements of the *particular* job for which applications are being sought." (emphasis in original)). To be sure, Plaintiff sets forth the numerous milestones he achieved throughout his career; however, without knowing the job requirements beyond the minimum qualifications and

how his professional achievements relate to the TSAR position,[4] it is impossible for this Court to infer that Plaintiff was actually—rather than just minimally—qualified for the TSAR position.

Second, as with his claims for sex and age discrimination, Plaintiff fails to allege any facts giving rise to a plausible inference of discrimination. As pled, Plaintiff's claim of disability discrimination rises and falls with the sole factual allegation that someone without a disability, Ms. Gallagher, was ultimately chosen for the TSAR position. (Doc. No. 1). As stated above, this sole factual allegation, without more, is not sufficient to state a plausible claim of discrimination. Plaintiff has accordingly failed to properly allege two of the three requirements to state a claim under the Rehabilitation Act, and the claim warrants dismissal.

### d. Retaliation in Violation of Title VII

Plaintiff finally alleges Defendant violated the anti-retaliation provisions of Title VII when he was not selected to interview for the TSAR position because "Plaintiff has made several EEO complaints against [Defendant] for its discriminatory conduct against him[,] and [Defendant] has been repeatedly found liable for such misconduct." (Doc. No. 1, p. 11).

Under Title VII, it is unlawful "for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made . . . unlawful . . . or because [the employee] has made a charge [against his employer]." 42 U.S.C. § 2000-3e(a) (2018). To assert a retaliation claim under Title VII, a plaintiff must allege "(1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the employment action." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Plaintiff also fails to state a claim for retaliation in violation of Title VII. He has not sufficiently alleged that he engaged in a protected activity or that a casual link exists between the

---

[4] The only requirement for the TSAR position alleged in the Complaint is "the completion of one year of specialized experience at the SV-J Pay Band, or GS-14 in the Federal service or equivalent experience in the private sector." (Doc. No. 1, p. 4).

protected activity and the employment action. A generalized statement alleging "Plaintiff has made several EEO complaints" is not sufficient to push Plaintiff's claim of unlawful retaliation "across the line from conceivable to plausible." See Twombly, 550 U.S. at 547.

Moreover, even if Plaintiff's generalized allegation of engaging in protected activity was sufficient to state a claim, there are no *factual* allegations whatsoever as to causation.[5] Causation is generally shown by alleging "the employer either understood or should have understood the employee to be engaged in protected activity and . . . the employer took adverse action against the employee soon after becoming aware of such activity." Perkins v. Int'l Paper Co., 936 F.3d 196, 214 (4th Cir. 2019) (quotation and citation omitted). Here, there are no allegations that Mr. Robert Vente, the individual who selected interviewees for the TSAR position, knew of Plaintiff's prior EEO complaints. There are likewise no allegations that would allow this Court to evaluate the temporal proximity of the alleged protected activity and the adverse action taken against Plaintiff. Plaintiff has accordingly failed to state a plausible claim for relief under Title VII for retaliation.

**IV. CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss, (Doc. No. 8) is GRANTED. The Clerk of Court is respectfully directed to DISMISS Plaintiff's Complaint and CLOSE this case.

IT IS SO ORDERED.

Signed: March 1, 2021

Frank D. Whitney
United States District Judge

---

[5] Plaintiff provides specific factual allegations in his Opposition Motion, see (Doc. No. 13, p. 12), but as stated in footnote 3, *supra*, Plaintiff may not amend his Complaint by using his Motion in Opposition to Defendant's Motion to Dismiss. See State Farm Mut. Auto Ins. Co. v. Slade Healthcare, Inc., 381 F. Supp. 3d 536, 573 (D. Md. 2019). In acknowledging the factual allegations in the Opposition Motion, the Court provides no opinion as to whether the allegations are sufficient to state a claim.